**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** § | |
| § | |
| § | **CASE NO. 6:16-CR-0039-RC** |
| **v.** § | |
| § | |
| § | |
| **SALEEM JAFFER JIWANI (1)** § | |
| § | |

## AMENDED FINDINGS OF FACT AND RECOMMENDATION ON GUILTY PLEA BEFORE THE UNITED STATES MAGISTRATE JUDGE

By order of the District Court, this matter is referred to the undersigned United States Magistrate Judge for administration of the guilty plea under Rule 11. Magistrate judges have the statutory authority to conduct a felony guilty plea proceeding as an "additional duty" pursuant to 28 U.S.C. § 636(b)(3). *United States v. Bolivar-Munoz*, 313 F.3d 253, 255 (5th Cir. 2002).

On May 31, 2017, this case came before the undersigned magistrate judge for entry of a guilty plea by the Defendant, Saleem Jaffer Jiwani, to Counts One, Two and Six of the Indictment. Count One alleges that beginning at least by April 2013, the exact date being unknown to the Grand Jury, and continuing thereafter through the date of the return of this indictment, in Smith County, Texas; and in Collin County, Texas; in the Eastern District of Texas, and elsewhere, Saleem Jiwani, Adeel Khan, Nadia Farishta, Sharjeel ali, and Nimrose Khan, Defendants herein, did knowingly and intentionally combine, conspire, confederate and agree together with each other and with others known and unknown to the Grand Jury, to knowingly and intentionally distribute and possess with intent to distribute Schedule I controlled substances, in violation of the laws of the United States, to wit, 21 U.S.C. § 841(a)(1) prohibiting the distribution of Schedule I controlled substances, all in violation of 21 U.S.C. § 846 – Conspiracy to Distribute and Possess with Intent

1

to Distribute Schedule I Controlled Substances. Count Two alleges that beginning at least by April 2013, the exact date being unknown to the Grand Jury, and continuing thereafter through the date of the return of this Indictment, in Smith County, Texas; and in Collin County, Texas; in the Eastern District of Texas, and elsewhere, Saleem Jiwani, Adeel Khan, Nadia Farishta, Sharjeel Ali and Nimrose Khan, Defendants herein, did knowingly and intentionally combine, conspire, confederate and agree together with each other and with others known and unknown to the Grand Jury, to knowingly and intentionally distribute and possess with intent to distribute controlled substance analogues as defined in 21 U.S.C. § 802(32)(A), knowing that each was intended for human consumption, as provided in 21 U.S.C. § 813, in violation of the laws of the United States, to wit, 21 U.S.C. § 802(32)(A), 21 U.S.C. § 813, and 21 U.S.C. § 841(a)(1), prohibiting the distribution of controlled substance analogues, all in violation of 21 U.S.C. § 846 – Conspiracy to Distribute and Possess with Intent to Distribute Controlled Substance Analogues. Count Six alleges that on or about June 19, 2014, in the Eastern District of Texas, the defendant, Saleem Jiwani, aided and abetted by others, knowingly engaged and attempted to engage in monetary transactions by, through, and to a financial institution, affecting interstate or foreign commerce, in criminally derived property of a value greater than $10,000, that is the transfer of U.S. currency, funds, or monetary instruments, such property having been derived from a specified unlawful activity, namely the conspiracies for the sale and distribution of Schedule I controlled substances and controlled substance analogues, violations of 21 U.S.C. §§ 846, 841 and 813, more specifically a check in the amount of $19,172.50 written from JP Morgan Chase Acct. #XXXXX7739 in the name of "SNK Vapor Inc." to the SOS, for "personal," all in violation of 18 U.S.C. § 1957.

The Defendant entered a plea of guilty to Counts One, Two and Six of the Indictment into the record at the hearing. After conducting the proceeding in the form and manner prescribed by Federal Rule of Criminal Procedure 11, the undersigned finds:

a. That the Defendant, after consultation with his attorney, has knowingly, freely and voluntarily consented to the administration of the guilty plea in this case by a United States Magistrate Judge in the Eastern District of Texas, subject to a final approval and imposition of sentence by the District Judge.

b. That the Defendant and the Government have entered into a plea agreement which was disclosed and addressed in open court, entered into the record, and placed under seal. The Defendant verified that he understood the terms of the plea agreement, and he acknowledged that it was his signature on the plea agreement. To the extent the plea agreement contains recommendations and requests pursuant to FED. R. CRIM. P. 11 (c)(1)(B), the court advised the Defendant that he has no right to withdraw the plea if the court does not follow the particular recommendations or requests. To the extent that any or all of the terms of the plea agreement are pursuant to Rule 11(c)(1)(A) or (C), the undersigned advised the Defendant that he will have the opportunity to withdraw his plea of guilty should the court not follow those particular terms of the plea agreement.[1]

---

1. "(3) Judicial Consideration of a Plea Agreement.
(A) To the extent the plea agreement is of the type specified in Rule 11(c)(1)(A) or (C), the court may accept the agreement, reject it, or defer a decision until the court has reviewed the presentence report.
(B) To the extent the plea agreement is of the type specified in Rule 11(c)(1)(B), the court must advise the defendant that the defendant has no right to withdraw the plea if the court does not follow the recommendation or request.
(4) Accepting a Plea Agreement. If the court accepts the plea agreement, it must inform the defendant that to the extent the plea agreement is of the type specified in Rule 11(c)(1)(A) or (C), the agreed disposition will be included in the judgment.
(5) Rejecting a Plea Agreement. If the court rejects a plea agreement containing provisions of the type specified in Rule 11(c)(1)(A) or (C), the court must do the following on the record and in open court (or, for good cause, in camera):
(A) inform the parties that the court rejects the plea agreement;
(B) advise the defendant personally that the court is not required to follow the plea agreement and give the defendant an opportunity to withdraw the plea; and

c. That the Defendant is fully competent and capable of entering an informed plea, that the Defendant is aware of the nature of the charges and the consequences of the plea, and that the plea of guilty is made freely, knowingly, and voluntarily. Upon addressing the Defendant personally in open court, the undersigned determines that the Defendant's plea is knowing and voluntary and did not result from force, threats or promises (other than the promises set forth in the plea agreement). *See* FED. R. CRIM. P. 11(b)(2).

d. That the Defendant's knowing and voluntary plea is supported by an independent factual basis establishing each of the essential elements of the offense and the Defendant realizes that his conduct falls within the definition of the crimes charged under 21 U.S.C. § 846, Conspiracy to Distribute and Possess with Intent to Distribute Schedule I Controlled Substances and Conspiracy to Distribute and Possess with Intent to Distribute Controlled Substance Analogues, and 18 U.S.C. § 1957, Engaging in Monetary Transactions in Property Derived from Specified Unlawful Activity.

## **STATEMENT OF REASONS**

As factual support for the Defendant's guilty plea, the Government presented a factual basis. *See* Factual Basis. In support, the Government would prove that the Defendant is the same person charged in the Indictment, and that the events described in the Indictment occurred in the Eastern District of Texas. The Government would also have proven, beyond a reasonable doubt, each and every essential element of the offenses as alleged in Counts One, Two and Six of the Indictment through the testimony of witnesses, including expert witnesses, and admissible exhibits. In support of the Defendant's plea, the undersigned incorporates the proffer of evidence described in detail in the factual basis filed in support of the plea agreement, and the Defendant's

---

(C) advise the defendant personally that if the plea is not withdrawn, the court may dispose of the case less favorably toward the defendant than the plea agreement contemplated." FED. R. CRIM. P. 11(c)(3)-(5).

admissions made in open court in response to the undersigned's further inquiry into the factual basis.

The Defendant agreed with and stipulated to the evidence presented in the factual basis. Counsel for the Defendant and the Government attested to the Defendant's competency and capability to enter an informed plea of guilty. The Defendant agreed with the evidence presented by the Government and personally testified that he was entering the guilty plea knowingly, freely and voluntarily.

## RECOMMENDED DISPOSITION

**IT IS THEREFORE** the recommendation of the undersigned United States Magistrate Judge that the District Court accept the Guilty Plea of the Defendant, which the undersigned determines to be supported by an independent factual basis establishing each of the essential elements of the offense charged in Counts One, Two and Six of the Indictment. Accordingly, it is further recommended that the Court finally adjudge the Defendant, Saleem Jaffer Jiwani, guilty of the charged offenses under 21 U.S.C. § 846 and 18 U.S.C. § 1957 – Conspiracy to Distribute and Possess with Intent to Distribute Schedule I Controlled Substances, Conspiracy to Distribute and Possess with Intent to Distribute Controlled Substance Analogues, and Engaging in Monetary Transactions in Property Derived from Specified Unlawful Activity.

The Court should defer its decision to accept or reject the plea agreement until there has been an opportunity to review the presentence report. If the plea agreement is rejected and the Defendant still persists in his guilty plea, the disposition of the case may be less favorable to the Defendant than that contemplated by the plea agreement. The Defendant is ordered to report to the United States Probation Department for the preparation of a presentence report. The Defendant has the right to allocute before the District Court before imposition of sentence.

**OBJECTIONS**

Pursuant to 28 U.S.C. § 636(b)(1)(c), each party to this action has the right to file objections to this report and recommendation. Objections to this report must: (1) be in writing, (2) specifically identify those findings or recommendations to which the party objects, and (3) be served and filed within fourteen (14) days after being served with a copy of this report, and (4) no more than eight (8) pages in length. *See* 28 U.S.C. § 636(b)(1)(c) (2009); FED. R. CIV. P. 72(b)(2); Local Rule CV-72(c). A party who objects to this report is entitled to a *de novo* determination by the United States District Judge of those proposed findings and recommendations to which a specific objection is timely made. *See* 28 U.S.C. § 636(b)(1) (2009); FED R. CIV. P. 72(b)(3).

A party's failure to file specific, written objections to the proposed findings of fact and conclusions of law contained in this report, within fourteen (14) days of being served with a copy of this report, bars that party from: (1) entitlement to *de novo* review by the United States District Judge of the findings of fact and conclusions of law, *see Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of any such findings of fact and conclusions of law accepted by the United States District Judge, *see Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

So ORDERED and SIGNED this 1st day of June, 2017.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE